UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICHELLE A. COOPER,

    Plaintiff,

v.

BANK OF AMERICA,

    Defendant.

Civil Action No. TDC-14-3674

## MEMORANDUM OPINION

This matter is before the Court on Defendant Bank of America's Motion to Dismiss. ECF No. 8. Having reviewed the pleadings, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Michelle Cooper ("Cooper"), who proceeds in this action *pro se*, asserts that although she made timely payments to Bank of America on her mortgage, in 2013, Bank of America misapplied at least two payments such that Bank of America failed timely to post them to her account. Cooper spent hours at Bank of America—often during her lunch breaks—trying to resolve the errors, to no avail. Although Cooper had notified Bank of America of its errors, Bank of America began to call Cooper about the supposed late payments and began to report Cooper's mortgage as past due to credit agencies. Cooper again informed Bank of America of its errors and instructed its representatives not to contact her, but Bank of America continued to call her about her supposedly delinquent mortgage account, sometimes three to four times a day.

With her efforts unsuccessful, Cooper enlisted the firm of Lexington Law to help her resolve these problems. According to Cooper, Bank of America representatives admitted to Lexington Law that they had misapplied her payments, but when asked to correct the errors and to alert the credit agencies to the incorrect reports, Bank of America refused to do so. Cooper asserts that as a result of Bank of America's mishandling of her account, its collection efforts, its inaccurate reporting to credit agencies, and the repeated "undue nasty treatment" of her by Bank of America staff, Cooper has had "irreputable [sic] damage done to [her] credit" and has suffered "undue stress," as evidenced by an increase in her blood pressure. Compl. at 1, 4, ECF No. 2.

On August 27, 2014, Cooper filed suit against Bank of America in the Circuit Court for Prince George's County, Maryland, seeking $10,000,000 in damages for Bank of America's "gross negligence" and "intent to cause harm." Compl. at 4. On November 24, 2014, Bank of America removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On December 1, 2014, Bank of America filed a Motion to Dismiss to which Cooper responded on December 16, 2014. ECF Nos. 8 & 12. In its Motion to Dismiss, Bank of America construes Cooper's "intent to cause harm" claim as a claim for intentional infliction of emotional distress and contends that Cooper fails to state a claim for either gross negligence or intentional infliction of emotional distress.

## DISCUSSION

**I.     Legal Standard**

To overcome a Rule 12(b)(6) motion, a complaint must present a viable legal theory and must allege enough facts to state a plausible claim for relief under that theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that

allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Id.*

In evaluating the sufficiency of a plaintiff's claims, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and view the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the complaint must still present a viable legal theory and must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" in support of that theory. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

## II. Choice of Law

For state common law torts, Maryland applies the law of the state where the injury occurred. *Lab. Corp. of Am. v. Hood*, 911 A.2d 841, 845 (Md. 2006). Here, Cooper is a Maryland resident, and her interactions with Bank of America took place in Maryland. *See* Compl. at 2. Any injury Cooper suffered was thus sustained in this State. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986) ("The place of injury is the place where the injury was suffered[.]"). This Court therefore applies Maryland law.

## III. Negligence

Cooper asserts a claim of "gross negligence." Cooper, as a layperson, may be unaware that there are different causes of action for gross negligence and for negligence. *See Marriott*

3

*Corp. v. Chesapeake & Potomac Tel. Co. of Md.*, 723 A.2d 454, 457, 462-63 (Md. Ct. Spec. App. 1998) (granting summary judgment on a gross negligence claim, but not a negligence claim). To state a claim for gross negligence, a plaintiff must allege facts establishing "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another." *Cooper v. Rodriguez*, ___ A.3d ___, 2015 WL 4497718 at *13 (Md. July 24, 2015) (quoting *Barbre v. Pope*, 935 A.2d 699, 717 (Md. 2007)). The Maryland Court of Appeals has recently reiterated that a party is grossly negligent only if he or she "inflicts injury intentionally or is so utterly indifferent to the rights of others that he or she acts as if such rights did not exist." *Id.* Maryland courts have thus found sufficient evidence to support a finding of gross negligence when a corrections officer failed to intervene while one inmate killed another, *Cooper*, 2015 WL 4497718 at *14-*15, or when a drunk driver traveling at twice the legal speed limit veered off the road and injured his passengers, *Romanesk v. Rose*, 237 A.2d 12, 13-15 (Md. 1968) (applying Virginia law).

Negligence, by contrast, is conduct that "falls below the standard established by law for protection of others against unreasonable risk of harm." *Barbre v. Pope*, 935 A. 2d 699, 717 (Md. 2007) (internal quotation marks and citation omitted). In light of these definitions and the related case law, Cooper's allegation that Bank of America repeatedly failed to credit her mortgage payments even after she alerted the bank to the error is better characterized as a claim for negligence than as one for gross negligence. Cooper essentially asserts that Bank of America's actions in mishandling her account were unreasonable, not that Bank of America refused to handle her account properly in reckless disregard of the consequences. The Court thus construes Cooper's first cause of action as one for negligence, and analyzes the sufficiency of her

pleadings as to that count accordingly. *See Erickson*, 551 U.S. at 94 (noting that the filings of *pro se* plaintiffs are "to be liberally construed").

To plead a cause of action for negligence, a plaintiff must allege facts establishing (1) that the defendant had a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach. *Lloyd v. General Motors Corp.*, 916 A.2d 257, 270-71 (Md. 2007). Bank of America, also construing Cooper's claim as one for negligence, asserts that because its relationship to Cooper was one of a lender to a borrower, it had no duty to Cooper that would give rise to a tort claim. Bank of America therefore concludes that Cooper cannot establish the first element of the tort.

Bank of America is incorrect. Bank of America premises its argument on the principal that "the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between a debtor and a creditor, and is not fiduciary in nature." *Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. Ct. Spec. App. 1992). Thus, generally, a bank's "failure to perform [a] contractual duty, without more, is not an actionable tort," but instead gives rise only to a breach of contract action. *Wilmington Trust Co. v. Clark*, 424 A.2d 744, 754 (Md. 1981). However, a bank has a duty to use ordinary care in handling checks. *Farmers Bank of Md. v. Chicago Title Ins. Co.*, 877 A.2d 1145, 1151-56 (Md. 2005) (finding that a bank has a tort duty to handle checks "with ordinary care"); *Bank of So. Md. v. Robertson's Crab House., Inc.*, 389 A.2d 388, 392-93 (Md. 1978) (finding a bank negligent when a depositor's employee diverted the depositor's funds for his own use because "a bank must use ordinary care in disbursing a depositor's funds"); *see also Jacques v. First Nat. Bank of Md.*, 515 A.2d 756, 764 (Md. 1986) (finding that a bank has a duty to use reasonable care in processing a loan application). Here,

Cooper's allegation that Bank of America repeatedly misapplied her loan payments, or failed timely to process them, implicates that duty. Cooper has therefore pleaded adequate facts to establish, at this preliminary stage, that Bank of America had a duty to process her checks using ordinary care and that it breached that duty. Her additional assertions that, as a result of Bank of America's mishandling of her payments, she suffered undue stress and damage to her credit satisfy the remaining two elements of the tort. Cooper has therefore alleged a viable negligence action against Bank of America.

## IV.     Intentional Infliction of Emotional Distress

Cooper also alleges a cause of action for "intent to harm." There is no such tort in Maryland. Based on Cooper's assertion that she was subjected to "undue nasty treatment" and that she suffered "undue stress," the Court agrees with Bank of America's analysis that this claim is best interpreted as one for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must allege facts establishing that a defendant (1) engaged in intentional or reckless conduct that (2) was extreme and outrageous, (3) that the conduct caused the plaintiff emotional distress, and (4) that the distress was severe. *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977). The conduct of the defendant must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* The effect of that conduct on the plaintiff must be "severely disabling," "so severe that no reasonable [person] could be expected to endure it." *Id.* at 616.

These requirements are not met here. Cooper's assertion that she was subjected to "undue nasty treatment" as a result of the misapplication of her payments and repeated telephone calls from Bank of America does not allege extreme or outrageous conduct that is "utterly

6

intolerable in a civilized community." *Id.* at 614.  Although Cooper's allegations make clear that Cooper was substantially inconvenienced by Bank of America's mishandling of her mortgage account, that mishandling cannot plausibly be regarded as "atrocious" or "beyond all possible bounds of decency." *Id.*  Nor can Cooper's alleged "undue stress" plausibly be regarded as distress so severe that no reasonable person could endure it.  This claim is therefore dismissed.

## CONCLUSION

For foregoing reasons, Bank of America's Motion to Dismiss is GRANTED as to Cooper's intentional infliction of emotional distress claim but DENIED as to Cooper's negligence claim.  A separate Order follows.

Date: August 21, 2015

THEODORE D. CHUANG
United States District Judge